IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CURTIS LEE DALE, | CASE NO. 4:24-CV-01627-JRK |
| Petitioner, | JUDGE JAMES R. KNEPP II |
| v. | MAGISTRATE JUDGE JENNIFER DOWDELL ARMSTRONG |
| IAN M. HEALY, WARDEN, | |
| Respondent. | **REPORT AND RECOMMENDATION** |

I. **INTRODUCTION**

Petitioner Curtis Lee Dale ("Mr. Dale") filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. (ECF No. 1). Mr. Dale was, until recently, serving time at FCI Elkton as a result of sentences imposed in two separate cases by the United States District Court for the Southern District of Iowa. In his petition, Mr. Dale asks the Court to rule that he has fully served his sentence for a supervised release violation so that he can become eligible for good time credits under the First Step Act. This matter is before me under Local Rule 72.2 to prepare a report and recommendation on Mr. Dale's petition. (*See* ECF non-document entry dated November 18, 2024).

Currently before me is the motion of Warden Ian M. Healy ("Warden") to dismiss Mr. Dale's petition or, alternatively, for summary judgment, pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 56(a). (ECF No. 5). For the reasons set forth below, I recommend that the Court dismiss Mr. Dale's petition as moot because has been released from federal custody, and there is no relief that the Court can grant him at this time.

1

II.      **RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

On October 5, 2016, a jury in the Southern District of Iowa convicted Mr. Dale of possession with intent to distribute crack, cocaine, and heroin; conspiracy to manufacture, distribute, or possess with intent to distribute crack, cocaine, and heroin; and illegally possessing a firearm. *See United States v. Curtis Lee Dale*, No. 3:16-cr-00033-SHL-JAJ (S.D. Iowa) (ECF No. 75). On February 27, 2017, the court sentenced Mr. Dale to an aggregate term of 300 months in prison, plus 8 years of supervised release. *Id*. at ECF No. 113. Also on February 27, 2017, the same judge revoked Mr. Dale's supervised release arising from a prior conviction and sentenced him to a term of 33 months, to run concurrent with his sentences in Case Number 3:16-cr-00033. *See United States v. Curtis Lee Dale*, No. 3:10-cr-00104-SHL-SBJ-1 (S.D. Iowa) (ECF No. 34).

On June 13, 2024, Mr. Dale's 300-month sentence in Case Number 16-cr-00033 was reduced to 265 months as a result of changes to the federal sentencing guidelines. *See United States v. Curtis Lee Dale*, 3:16-cv-00333-JAJ (S.D. Iowa) (ECF No. 203). On January 17, 2025, President Biden granted Mr. Dale clemency and commuted his sentence to 120 months imprisonment. *Id*. at ECF No. 205. The Federal Bureau of Prisons ("BOP") database reflects that Mr. Dale was released from prison on March 7, 2025. *See* BOP Inmate Locator, https://www.bop.gov/inmateloc/ (Curtis Lee Dale, BOP Register No. 11165-026) (last visited, July 1, 2025).

On September 19, 2024, Mr. Dale filed his § 2241 habeas petition. (ECF No. 1). Mr. Dale asserts a single ground for relief, asking the Court to deem his sentence for the supervised release violation time served so that he can benefit from good time credits under the First Step Act. *Id*. at PageID # 6.

On February 3, 2025, the Warden filed a combined response in opposition to Mr. Dale's petition and motion to dismiss or, in the alternative, motion for summary judgment. (ECF No. 5). Mr. Dale did not file a response to the Warden's motion, so I entered an order on March 11, 2025

giving him until April 1, 2025 to do so. (*See* ECF non-document entry dated March 11, 2025). I also warned Mr. Dale that, if he did not file a response on or before April 1, 2025, I would proceed to consider the Warden's motion. *Id*. Mr. Dale did not file a response by April 1, 2025, and has not filed a response to date.

### III.  LAW AND ANALYSIS

The Warden first moves to dismiss Mr. Dale's petition pursuant to Rule 12(b)(1), arguing that the Court lacks jurisdiction over it because Mr. Dale is asking the Court to set aside his sentence for the supervised release violation and must seek that relief in the Southern District of Iowa, the court that imposed his sentence. The Warden's argument is not well-taken. However, I agree with the Warden's alternative argument that the Court lacks subject matter jurisdiction because Mr. Dale's petition is moot and recommend that the Court dismiss the petition on that basis.

A motion under Rule 12(b)(1) asserts that the Court lacks subject matter jurisdiction. "Motions to dismiss for lack of subject matter jurisdiction fall into two categories: facial attacks and factual attacks." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). "A facial attack is a challenge to the sufficiency of the pleading itself." *Id*. (emphasis omitted). "On such a motion, the court must take the material allegations of the petition as true and construe in the light most favorable to the nonmoving party." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 235–37 (1974)). "If those allegations establish federal claims, jurisdiction exists." *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007).

Conversely, a factual attack "is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction." *Ritchie*, 15 F.3d at 598. With a factual attack, "no presumptive truthfulness applies to the factual allegations" and "the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear

the case." *Id.* In its review of a factual attack, "the district court has wide discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve jurisdictional facts." *Gentek*, 491 F.3d at 330 (citations omitted). "As always, the party invoking federal jurisdiction has the burden to prove that jurisdiction exists." *Glob. Tech., Inc. v. Yubei (XinXiang) Power Steering Sys. Co., Ltd.*, 807 F.3d 806, 810 (6th Cir. 2015) (citation omitted).

The Warden argues that this Court lacks jurisdiction over Mr. Dale's petition and that he must instead seek relief in the Southern District of Iowa. The Warden bases his argument on 28 U.S.C. § 2255, which provides that a prisoner challenging his or her sentence may move "the court which imposed the sentence" to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). The Warden argues that, while Mr. Dale purports to bring his petition under § 2241, it is in reality a motion under § 2255 because he is asking the Court to set aside his 33-month sentence for the supervised release violation. And, because the Southern District of Iowa imposed Mr. Dale's sentence, the Warden argues that he must proceed in that court.

The Warden is correct that "[w]hen a federal prisoner collaterally attacks the validity of his sentence, rather than the conditions of his confinement, he must ordinarily proceed under § 2255, not § 2241." *McCormick v. Butler*, 977 F.3d 521, 524 (6th Cir. 2020). However, I disagree that Mr. Dale is challenging the validity of his underlying conviction here. While the Warden argues that Mr. Dale is asking that his supervised release conviction be "set aside and deemed 'time served,' so he is able to earn First Step Act good time credit," (ECF No. 5, PageID # 26), Mr. Dale does not use the phrase "set aside" in his petition. Instead, he asks that the Court "deem the concurrent sentence [revocation] be deemed time served" so that he can receive good time credits under the First Step Act. (ECF No. 1, PageID # 6).

The language in Mr. Dale's petition is not entirely clear, and he did not file a response to the Warden's motion clarifying the relief that he is seeking. However, I conclude that Mr. Dale's

4

petition is most properly construed as a challenge to the BOP's computation of his sentence rather than a challenge to the validity of his underlying conviction and sentence. In other words, Mr. Dale appears to be asking the Court to rule that he has already served his sentence for the supervised release violation, not that the conviction or sentence itself was somehow defective.

Where a prisoner is challenging "the manner in which a sentence is executed, rather than the validity of the sentence itself," § 2241 governs. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998). That rule applies here, as challenges to the BOP's calculation of a sentence must be raised under § 2241 rather than § 2255. *See Childress v. Coakley*, No. 4:14cv690, 2015 WL 4986768, at *6 (N.D. Ohio Aug. 19, 2015) (report and recommendation) ("Under § 2241 . . . the district court may grant relief to a petitioner challenging the computation of his sentence"); *Reyes v. Pugh*, No. 4:14-cv-1086, 2015 WL 4644977, at *5 (N.D. Ohio Aug. 4, 2014) (report and recommendation) (same). Moreover, § 2241 is a proper vehicle for a petitioner to argue that the BOP erred in failing to apply good time credits. *See Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004) (noting that § 2241 "is a vehicle . . . for challenging matters concerning the execution of a sentence such as the computation of good-time credits"); *Marius v. Pugh*, No. 4:14 CV 1404, 2014 WL 7005176, at *2 (N.D. Ohio (Dec. 9, 2014) ("Because the loss of good time credits affects the manner in which [a prisoner's] sentence is carried out, [the] petition is properly filed under § 2241"); *United States v. Nathan*, No. 1:10-CR-72, 2019 WL 10960494, at *1 (W.D. Mich. Dec. 20, 2019) (holding that challenge to application of First Step Act typically "must be filed as a petition for a writ of habeas corpus" under § 2241).

Because Mr. Dale is challenging the BOP's calculation of his sentence and his entitlement to good time credits, his petition is properly brought under § 2241. And because Mr. Dale correctly brought his petition under § 2241, jurisdiction is proper in the district where he is confined. *See* 28 U.S.C. § 2241(a) (providing that district courts may grant habeas relief "within their respective

5

jurisdictions"); *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) (holding that, under § 2241, "jurisdiction lies in only one district: the district of confinement"). At the time Mr. Dale filed his petition, he was incarcerated at FCI Elkton, which is located in this district. Thus, the Northern District of Ohio is the proper jurisdiction for his § 2241 petition. *See Ybarra v. Garza*, No. 4:22-CV-01153-SL, 2023 WL 1997837, at *1 n.1 (N.D. Ohio Jan. 23, 2023) ("[t]he Sixth Circuit has stated that jurisdiction over a § 2241 petition is determined at the time the proceeding is filed"), *report and recommendation adopted*, 2023 WL 1995327 (N.D. Ohio Feb. 14, 2023).

I nonetheless conclude, however, that the Court lacks jurisdiction over Mr. Dale's petition because his claim is moot. The Sixth Circuit has recognized that to sustain jurisdiction "it is not enough that a dispute was alive when [a petitioner's] habeas corpus petition was filed in the district court." *Brock v. United States Dep't of Justice*, 256 F. App'x 748, 750 (6th Cir. 2007). Rather, a petitioner "must have an actual injury that is capable of being redressed by a favorable judicial decision." *Id*. "Mootness results when events occur during the pendency of the litigation which render the court unable to grant the requested relief. *Id*. (citing *Berger v. Cuyahoga County Bar Assoc.*, 983 F.2d 718, 724 (6th Cir. 1993)). "When a case becomes moot under Article III, dismissal for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1) is appropriate." *Weiss v. Healy*, No. 4:23-cv-2074, 2024 WL 1858529, at *3 (N.D. Ohio Mar. 15, 2024) (citing *Lyshe v. Levy*, 854 F.3d 855, 857 (6th Cir. 2017)), *report and recommendation adopted*, 2024 WL 1856545 (N.D. Ohio Apr. 29, 2024).

Here, Mr. Dale is asking the Court to deem his conviction for the supervised release violation time served so that he can receive good time credits under the First Step Act. As noted above, however, Mr. Dale was released from federal custody on March 7, 2025. Courts in this circuit have consistently held that a prisoner's suit challenging the application of good time credits becomes moot once the prisoner is released from custody. *See Myers v. Williams*, No. 4:19 CV

6

476, 2019 WL 3431286, at *1 (N.D. Ohio June 21, 2019) (holding that petitioner's release mooted claim for good time credits), *report and recommendation adopted*, 2019 WL 3430183 (N.D. Ohio July 20, 2019); *Groves v. Federal Bureau of Prisons*, No. 4:23-cv-478, 2024 WL 496482, at *1-2 (N.D. Ohio Jan. 8, 2024) (same); *Miracle v. Smith*, No. 3:15-CV-760-DJH, 2018 WL 4376500, at *2 (W.D. Ky. Apr. 25, 2018) ("federal courts have concluded that claims for loss of good time credit become moot when a petitioner is released"), *report and recommendation adopted*, 2018 WL 4375106 (W.D. Ky. Sept. 13, 2018).[1]

Because Mr. Dale has been released, any order from the Court that he has fully served his sentence for the supervised release violation and is eligible for good time credits under the First Step Act would have no effect. His claim is therefore moot, and I recommend that the Court dismiss the petition pursuant to Federal Rule of Civil Procedure 12(b)(1).[2]

## V. RECOMMENDATION

Based on the foregoing, I RECOMMEND that this Court GRANT the Warden's Motion to Dismiss Mr. Dale's petition pursuant to Federal Rule of Civil Procedure 12(b)(1).


Dated: July 1, 2025

*Jennifer Dowdell Armstrong*
Jennifer Dowdell Armstrong
U.S. Magistrate Judge


## IV. NOTICE TO PARTIES REGARDING OBJECTIONS

Local Rule 72.3(b) of this Court provides:

> **Any party may object to a Magistrate Judge's proposed findings, recommendations or report made pursuant to Fed. R. Civ. P. 72(b) within fourteen (14) days after being served with a copy thereof, and failure to**

---

[1] It is irrelevant that Mr. Dale is now serving a term of supervised release, as good time credits "cannot be used to reduce a term of supervised release." *United States v. Calabrese*, No. 1:11-cr-00437, 2023 WL 1969753, at *3 (N.D. Ohio Feb. 13, 2023).

[2] Because I conclude that the Court lacks jurisdiction over Mr. Dale's petition, I need not reach the Warden's alternative arguments that Mr. Dale's petition should be dismissed under Rule 12(b)(6) or that the Warden is entitled to summary judgment under Rule 56(a).

> **file timely objections within the fourteen (14) day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure.** Such party shall file with the Clerk of Court, and serve on the Magistrate Judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. **Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.** The District Judge to whom the case was assigned shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge need conduct a new hearing only in such District Judge's discretion or where required by law, and may consider the record developed before the Magistrate Judge, making a determination on the basis of the record. The District Judge may also receive further evidence, recall witnesses or recommit the matter to the Magistrate Judge with instructions.

*Id.* (emphasis added).

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; a general objection has the same effect as would a failure to object. *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Stated differently, objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, *2 (W.D. Ky. June 15, 2018) (quoting *Howard*). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).